## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAM DOE,                        )
                               )
                               )
            Plaintiff,          )      Civil Action No. 2:25-1766
                               )
       vs.                      )
                               )
CO GEORGE GAGE, et al.,         )      Magistrate Judge Patricia L. Dodge
                               )
            Defendants.         )

## ORDER

Plaintiff "Sam Doe" filed this counseled action using a pseudonym. He alleges various civil rights violations and related causes of action under federal and state law arising out of events that occurred while he was an inmate at the State Correctional Institution at Pine Grove, Pennsylvania. He alleges that George Gage, a Corrections Officer at that prison, deliberately opened his cell door and admitted a gang leader who sexually assaulted him. He further alleges that another Corrections Officer (Gregory Gill) placed a "youthful offender" in his cell and demanded that the two men perform sexual acts on each other in front of him or he would withhold food and phone calls.

Along with the Complaint, Plaintiff also filed a motion for leave to proceed under a pseudonym (ECF No. 2) and a supporting brief. (ECF No. 3). For the reasons that follow, the motion will be granted.

I.    Proceeding Under a Pseudonym

Generally speaking, as the Court of Appeals for the Third Circuit has noted, court proceedings "should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). The Court observed that Federal Rule of Civil Procedure 10(a) requires parties to identify themselves in their pleadings, illustrating the principle that judicial proceedings are to be conducted in public. A

plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings." *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (other citations omitted).

In exceptional cases, courts have allowed a party to proceed anonymously, but the fact that a plaintiff may suffer embarrassment or economic harm is not enough. Rather, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)).

The *Megless* court endorsed a test that was first set forth in *Doe v. Provident Life and Accident Insurance Co.*, 176 F.R.D. 464 (E.D. Pa. 1997). As set forth in *Provident Life,* the factors to assess in favor of a request for anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

> [The] factors disfavoring anonymity include[]:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

654 F.3d at 409 (quoting *Provident*, 176 F.R.D. at 467-68). This list of factors is not comprehensive and courts must assess those factors which are implicated by the particular facts of the case. *Id.*

In *Megless*, the court held that the plaintiff could not proceed anonymously in his suit against a school district security director and a township's chief of police, who had created a flyer warning people that the plaintiff "has been known to hang around schools" and that his "mental status is unknown." Because the flyer neither accused him of criminal behavior or mental illness nor disclosed highly sensitive personal information, the plaintiff did not demonstrate that disclosing his identity would cause him substantial "irreparable harm."

In support of his request for continued anonymity, Plaintiff asserts that he has maintained his confidentiality to the utmost extent possible (he proceeded with a confidential grievance under the Prison Rape Elimination Act); he seeks to avoid both retaliation by DOC employees and further assault by other inmates; there is a strong public interest in preserving the privacy of a plaintiff and the courage to sue in controversial cases; the physical dangers he would face if he could not proceed anonymously are extremely serious; and nothing in the Complaint suggests that has illegitimate ulterior motives.

Thus, Plaintiff has presented evidence in support of five of the six *Megless* factors. Further, he contends that none of the factors that would disfavor anonymity apply: he is not a public figure and has not requested that the case be sealed, so the public's access to the proceeding and the ability of the press and media to report on the subject matter will not be impeded. *See Doe v. Pennsylvania Dep't of Corr.*, 585 F. Supp. 3d 797, 808 (W.D. Pa. 2022) ("pseudonymous litigation does not meaningfully harm the public's ability to monitor the courts when the case involves obscure litigants).The Court agrees. Plaintiff's situation is the kind contemplated in *Megless* of a reasonable fear of severe harm. *See Doe v. Oshrin*, 299 F.R.D. 100, 103-05 (D.N.J. 2014).

II.    <u>Conclusion</u>

Because Plaintiff has demonstrated a compelling basis for anonymity, Plaintiff may proceed under a pseudonym in this case. Therefore, it is hereby ORDERED that:

1. Plaintiff may proceed under pseudonym, and the docket shall continue to reflect Plaintiff's name as Sam Doe.

2. Plaintiff will be referred to as Sam Doe in all pleadings and other documents related to this litigation, and shall be allowed to endorse documents related to this litigation using the pseudonym Sam Doe.

3. The identity of Sam Doe, Doe's DOC inmate number and other identifying information shall be available to the Defendants and their attorneys of record, who shall not disclose or permit disclosure thereof, except to other lawyers and persons working for the Defendants on this litigation.

4. The parties to this lawsuit and their respective attorneys shall not disclose the identity of Sam Doe or any of Doe's identifying information, including but not limited to Doe's DOC inmate number, social security number, date of birth, and educational or employment history, to any individual not identified as a party to this lawsuit;

5. Each person to whom the identity of Sam Doe is to be disclosed pursuant to this Order shall agree in advance that:

a) They will not disclose the identity of Sam Doe to any person not entitled to know their identity under this Order; and

b) They will not use the identity of Sam Doe except in connection with the defense of the claims herein.

6. In the event Defendants believe it is necessary in the defense of the claims asserted in this action to disclose the identity of Sam Doe to persons other than those specified in this Order, Defendants shall communicate with Plaintiff's counsel and if agreement cannot be reached in writing, the matter shall be determined by the Court;

7. Attendance at any part of any deposition during which the identity of Sam Doe is disclosed shall be limited to those to whom disclosure of such information can be made pursuant to this Order, and only after the attendee has complied with the terms of this Order.

8. In all proceedings held before this Court, including trial, all counsel, witnesses, and Court personnel present shall refer to Plaintiff by his pseudonym Sam Doe.

9. Any and all documents to be filed with the Court that contain the identity of Sam Doe, or that would otherwise lead to the discovery by reasonable means of Sam Doe's identity, shall be filed under seal. Documents filed under seal shall be reviewed expeditiously by the Court, in camera, for a determination as to whether they should, consistent with the terms of this Order remain under seal.

10. The terms of this Order shall remain in effect until further Order of this Court.


SO ordered this 24th day of November, 2025


/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE